## HORACE PARK *vs.* DANIEL DARLING.

The purchaser of goods at a sale on execution acquires a valid title thereby, provided it appears by the return that the sale was conducted according to law, although the judgment and previous proceedings are irregular.

Where a justice of the peace made an entry of a civil action upon his memorandum book, and of the proceedings therein, as follows: "1842, Dec. 3. *Daniel Darling* v. *Horace Park.* Entered and defaulted, and judgment for plaintiff for damages, 9·69, cost, 3·11 — 12·80," and issued execution accordingly; but neither the writ nor the evidence of the plaintiff's demand was then filed in the case, or in the possession of the justice; it was held, that if these papers were before the justice, when the execution was issued, the proceedings were not irregular; and that upon being subsequently produced before him and verified, he would there upon be authorized to make a record of the judgment at large.

THIS was an action of trover for a mare, and was tried before *Hopkinson,* J., in the court of common pleas. The defence specified was a seizure by an officer, and a sale on execution against the plaintiff.

The plaintiff proved a taking by the defendant; also a demand by him, and a refusal by the defendant, to deliver up the mare; that the defendant took the mare to a public auction, and there exposed her for sale; and that he became the purchaser himself, and subsequently made use of her.

The defendant then proved that the auction sale was by a constable, and produced a justice's execution, in favor of the defendant, against the plaintiff, upon which was the constable's return of a seizure and sale of the mare. The plaintiff contended that the defendant should also show a judgment upon which the execution issued. But the presiding judge ruled that this was not necessary. The plaintiff then, in order to impeach the judgment, called the justice, who issued the execution, and who produced all the record or papers relating thereto in his possession, namely, an entry upon his memorandum book as follows: "1842, Dec. 3. *Daniel Darling* vs. *Horace Park.* Entered and defaulted, and judgment for plaintiff, for damage, 9·69, cost, 3·11 — 12·80." The defendant then produced a writ, returnable on the day of the alleged judgment, and duly served, together with a note and account corresponding to the

17 *

amount of the debt in the judgment, and a bill of costs also corresponding to the amount of costs in the execution. The plaintiff objected to the admissibility or sufficiency of these papers to prove any record or judgment; but the presiding judge ruled that they were admissible, and that the question should be left to the jury, whether or not they were the original papers and record on which the execution issued. He instructed the jury, that if they were satisfied, that these were the original papers upon which the execution issued, and that they underwent the inspection of the justice when he issued the execution, and he made up the judgment from them, or the judgment being made up, he examined and passed upon it, then they constituted a sufficient record to be now put in form. The plaintiff made no objection, on the ground that the judgment had not been written out at length.

Before going to the jury, the presiding judge ruled, that the plaintiff should elect and designate which act of those proved he should regard as the conversion alleged, whether the original taking, or the sale on the execution, or the demand or refusal, or the using of the mare, and after exception taken to this ruling, the plaintiff upon such order did elect. The jury found a verdict for the defendant, and the plaintiff thereupon filed exceptions.

*W. A. Bryant,* for the plaintiff.

*B. F. Thomas,* for the defendant.

WILDE, J. This was an action of trover for a mare, alleged to be the property of the plaintiff, but which had been purchased by the defendant at a public auction, and the question is, whether this was a valid purchase, so as to vest the property in the defendant.

It was proved, that the auction sale was by a constable, on a justice's execution in favor of the defendant against the plaintiff, and that the seizure and sale of the mare were returned on the execution by the constable. No objection was made to the sufficiency of the return, but the plaintiff contended that the defendant was bound to show a judgment upon which the execution issued. But the court ruled, and we think rightly, that this was not necessary. A pur-

chaser of goods and chattels at an officer's sale on execution acquires thereby a valid title to the property, if the officer's return shows a compliance with the law in the sale, although the judgment and previous proceedings were irregular. *Howe* v. *Starkweather*, 17 Mass. 239, 243.

But it does not appear that there was any material irregularity or error in the proceedings. There was an entry in the justice's memorandum book of the time of the entry of the action, of the defendant's default, and of the judgment for the plaintiff for damages and costs as stated in the execution. The writ, which was returnable on the day of the judgment, had not been filed with the justice, but was produced at the trial, and appeared to have been duly served; and there were produced also a note and account corresponding to the debt in the judgment, and a bill of costs also corresponding to the amount thereof in the execution. These papers being verified, the justice would unquestionably be authorized to make a regular record of the judgment at large, as the evidence sufficiently proved the regularity of the proceedings.

It was objected by the plaintiff's counsel, that he ought not to have been compelled to make the election stated in the bill of exceptions; but this objection is immaterial, for the case does not depend on the question of the alleged conversion of the property, but on the question of property.

*Exceptions overruled*